UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPHINA PEREIRA TOMALA,<br><br>                 Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                 Defendant. | 11 Civ. 1948 (LBS)<br><br>**MEMORANDUM**<br>**& ORDER** |

SAND, J.

Pursuant to 42 U.S.C. § 405(g), Josephina Pereira Tomala ("Plaintiff") seeks review of a final decision of the Commissioner of Social Security ("Commissioner"), finding that she was not eligible for supplemental security income ("SSI") under the Social Security Act. For the reasons specified below, Plaintiff's motion is denied.

**I. Background**

Plaintiff filed an application for SSI on May 30, 2006. Plaintiff alleged disability beginning April 4, 2004. The Social Security Administration denied her application on September 13, 2006. Plaintiff appealed, and a hearing was held before an Administrative Law Judge ("ALJ") on September 17, 2008. The ALJ issued a decision on November 17, 2008, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff appealed and the Appeals Council remanded the case to the ALJ on March 5, 2009. After another hearing on September 8, 2009, the ALJ again ruled against the

1

Plaintiff on February 2, 2010. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 28, 2011. Plaintiff filed a complaint seeking judicial review of the Commissioner's decision on March 2, 2011.

## II. Standard of Review

In reviewing a decision of the Commissioner, this Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for rehearing." *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 625 (S.D.N.Y. 2006) (quoting 42 U.S.C. § 405(g)) (brackets in original). However, a district court may set aside the "Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Cater*, 221 F.3d 126, 131 (2d Cir. 2000)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court is not to substitute its judgment for that of the Commissioner or review the Commissioner's decision *de novo*. See *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Alcantara v. Astrue*, 667 F. Supp. 2d 262, 273 (S.D.N.Y. 2009). While the Commissioner's findings of fact, if supported by substantial evidence, are determinative, an ALJ's incorrect

2

application of the law is a basis for reversal. *See Vella v. Astrue*, 634 F. Supp. 2d 410, 416 (S.D.N.Y. 2009).

### III. Discussion*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than three months." 42 U.S.C. § 423(d)(1)(A). The burden is on Plaintiff to demonstrate disability by "evidence obtained by medically acceptable clinical laboratory techniques." 42 U.S.C. § 423(d)(1), (d)(3).

In evaluating disability claims, the Commissioner must follow a five-step process. *See Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999). "First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience. … Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual

---

* All citations to the "Record" refer to the certified copy of the hearings record attached to the Commissioner's Answer, which the Commissioner is required to file pursuant to 42 U.S.C. § 405(g).

functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform." *Rosa v. Callhan*, 168 F.3d 72, 77 (2d Cir. 1999) (citation omitted).

In this case, Plaintiff does not identify any particular deficiency in the ALJ's assessment, but simply states that the ALJ's decision was "erroneous, not supported by substantial evidence, and/or contrary to law." Compl. ¶ 9. Accordingly, we review the record and the ALJ's arguments for specific flaws.

The ALJ, following the mandated five-step evaluation, found that Plaintiff was not engaged in gainful activity, R. at 13, and that Plaintiff suffers from a number of severe impairments, i.e., "chronic low back pain, thyroid derangement, a history of ventral hernia repair, vertigo, and an affective disorder." *Id.*

The ALJ then proceeded to consider, as per step three, whether Plaintiff's impairments were (i) listed in 20 C.F.R. Part 404, Subpart B, Appendix 1 or (ii) medically equivalent to any of the conditions listed in 20 C.F.R. Part 404, Subpart B, Appendix 1. R. at 14. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all criteria for the one most similar listed impairment." *Brown v. Apfel*, 174 F.3d 59, 64 (2d Cir. 1999) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). The ALJ considered several potential listed impairments—musculoskeletal, endocrine, neurological, and mental—but did not find support in the

medical record for the conclusion that Plaintiff's conditions were "equivalent" to any of the relevant listed impairments. R. at 14. We agree; nothing in the record supports a finding that Plaintiffs impairments were listed in, or equivalent to any of the conditions listed in, 20 C.F.R. Part 404, Subpart B, Appendix 1.

Moving to step four, the ALJ asked whether, despite Plaintiff's severe impairment, she has the residual functional capacity to perform her past work. Based on the findings of a vocational expert, Raymond Cestar, the ALJ found that Plaintiff could not perform her past work as a teacher's aid or taxi dispatcher. R. at 20. But Cestar—as well as Plaintiff's internist, Dr. Monique Hamilton—stated that Plaintiff's physical, mental, and emotional conditions did not preclude her from holding an entry level "unskilled" job requiring only a "light level of exertion," such as "cafeteria attendant" or "cleaner." R. at 701–707, 716. The ALJ's conclusions that Plaintiff has sufficient residual functional capacity to work are bolstered by professional opinion and supported by substantial evidence. Therefore we affirm the Commissioner's conclusion that Plaintiff is not disabled.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion is denied.

**SO ORDERED.**

December 20, 2011
New York, N.Y.

_____
U.S.D.J.

5